IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ADAM HOOVER, | : | Case No. 1:16-cv-810 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| CHIPOTLE MEXICAN GRILL, INC., | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Amended Motion for Summary Judgment (Doc. 37). Plaintiff opposed Defendant's Motion (Doc. 50), and Defendant replied (Docs. 51 and 52). This Court referred the matter to the Magistrate Judge, and the Magistrate Judge issued a thorough Report and Recommendation concluding that Defendant's Motion for Summary Judgment should be granted in part and denied in part. Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation (Doc. 57) to which Defendant has responded (Doc. 58). For the reasons set forth below, Defendant's Amended Motion for Summary Judgment (Doc. 37) is granted as to Count V and Count VI, but is denied as to Counts I – IV and VII.

I. **BACKGROUND**

A. **Facts**

The facts in this case are largely undisputed, and the Magistrate Judge did an excellent job reciting them in her Report and Recommendation (Doc. 56). The Court will summarize those facts here solely for ease of analysis.

Plaintiff, a homosexual male, testified to being bullied extensively in high school and in college due to his sexual orientation. As the sole breadwinner for his family (including his

1

mother and two younger siblings), Plaintiff began working as a Chipotle crew member on October 1, 2013, even though he was already attending college full-time. Chipotle promoted him to Take-Out Specialist in January, 2014. In March, 2014, Plaintiff was transferred to the Bridgetown location. Plaintiff was well liked by fellow employees at the Bridgetown location, and he was selected to be a Kitchen-Manager-in-Training ("KMIT") in early February, 2015.

In late February, 2015, Plaintiff experienced a bullying incident at Miami University. On March 2, 2015, Plaintiff worked a closing shift at Chipotle and intended to commit suicide when he left the store. Without telling anyone about his suicidal plan, he used social media to stage a fake kidnapping and reported that he was being held against his will in the trunk of a car ("the incident"). He abandoned his car with the doors and trunk open and walked for approximately two hours. Meanwhile, Bridgetown co-workers alerted to the social media post gathered to search for him. Plaintiff eventually walked to a house and asked the occupants to call the police, claiming he had been kidnapped.

After 30 minutes of discussion, Plaintiff admitted to police that he was contemplating suicide and had faked the kidnapping. He was taken to a hospital and released the next day, diagnosed with "adjustment disorder with mixed anxiety and depressed mood" and "sleep disturbance." (UC Medical Records, Doc. 37-11 at PageID 859.) Plaintiff was not prescribed medication, but he was instructed to pursue outpatient mental health counseling and decrease his work hours. He later pled guilty to a misdemeanor stemming from the false report and was sentenced to mandatory counseling and volunteer work. He remained in counseling for four months.

Plaintiff took a week off from school and work after the incident. To accommodate his anxiety, his counselor recommended that he ease back into work and that he work initially in the back of the house because there had been significant media coverage of the incident.

Plaintiff testified that his supervisors, Matthew Kimball, Molly Johnson and Chance Nathanson, began treating him differently upon his return to work. Plaintiff asked to work only three days the first week he returned, and his supervisors accommodated his request. However, Plaintiff asked for additional hours beginning on March 18 and during the following week, but Kimball did not want to schedule him full-time right away.

On March 25, 2015, Plaintiff met at an Orange Leaf yogurt shop with two current (one of whom was Hannah Kestermann) and one former Chipotle co-workers. At Orange Leaf, Plaintiff indicated that he "felt as though he was being shut out and . . . treated as fragile." (Kestermann depo., Doc. 37-13 at PageID 920.) Plaintiff also expressed concern that he was no longer on track to be promoted to Kitchen Manager and would lose the raise associated with the promotion. He discussed consulting an attorney to discuss his employment rights and asked his co-workers if they would support him if he engaged Chipotle in litigation.

The next day, Kestermann reported Plaintiff's concerns to Kimball. Specifically, she told Kimball that Plaintiff felt he was being treated differently and unfairly, that he feared his Kitchen Manager training was being delayed, and that he intended to consult a lawyer if the situation did not change. (Kestermann depo., Doc. 37-13 at PageID 923.) She further told Kimball that Plaintiff worried about expressing his opinion to management for fear of repercussions. (*Id.*)

Kestermann then observed Kimball telephone Nathanson and tell Nathanson that Plaintiff was planning a lawsuit to "get rid of the management above him." (*Id.*) Plaintiff's supervisors—including Kimball and Nathanson—jointly agreed to terminate Plaintiff's

employment, but Nathanson was not present two days later, on March 28, 2015, when Kimball told Plaintiff he was fired.

## B. Procedural Posture

Plaintiff's complaint, as amended (Doc. 23), alleges claims for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") (Count I) and Ohio Revised Code Chapter 4112 (Count II), retaliation in violation of the ADA (Count III) and Ohio Revised Code Chapter 4112 (Count IV), violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Count V), gender discrimination in violation of Ohio Revised Code Chapter 4112 (Count VI), and retaliation in violation of Ohio Public Policy (Count VII). Defendant moved for summary judgment on all claims (Doc. 37). This matter was referred to the Magistrate Judge (Doc. 55) who issued a Report and Recommendation (Doc. 56).

The Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted as to Counts I, II, V, and VI, but denied as to Counts III, IV, and VII. (Doc. 56 at PageID 1342 and 1367.) The Plaintiff filed timely objections (Doc. 57) to which Defendant responded (Doc. 58).

In his objections, Plaintiff contends that he has submitted evidence sufficient to establish a genuine issue of material fact as to whether Defendant perceived him as disabled. According to Plaintiff, then, his federal and state disability claims (Counts I and II) should be permitted to proceed to trial. For the reasons set forth below, the Court agrees.

## II. STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to

show that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[F]acts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added); *see also E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 760 (6th Cir. 2015) (*en banc*) (quoting *Scott*). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) ("A dispute is 'genuine' only if based on *evidence* upon which a reasonable jury could return a verdict in favor of the non-moving party.") (emphasis in original) (citation omitted). Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Where, as here, a party files timely objections to a Magistrate Judge's Report and Recommendation, the District Judge must review *de novo* any part of the Report and

Recommendation to which proper objections have been made. Fed. R. Civ. P. 72(b)(3). The District Judge may accept, reject, or modify the recommended disposition or take other action. *Id.*

### III. ANALYSIS

#### A. Counts I and II – Plaintiff's Federal and State Disability Claims

Defendant first contends that it is entitled to summary judgment on Plaintiff's ADA and related state law disability claims because Plaintiff is neither "disabled" nor "regarded as disabled," as defined under the ADA or Ohio's parallel statute. The Magistrate Judge agreed with the Defendant and recommended that summary judgment be entered for Defendant on Plaintiff's federal and state disability claims. This Court agrees with the Magistrate Judge's analysis that Defendant is not "disabled" within the meaning of the statutes. However, the Court concludes that Plaintiff has offered enough evidence to create a genuine issue of fact concerning whether he was "regarded as disabled." Therefore, summary judgment is inappropriate on Plaintiff's federal and state disability claims.

The ADA specifically includes within the definition of "disability" those individuals who are "regarded as" having a disability. 42 U.S.C. §12102(1)(C). The statute elaborates:

> **(3) Regarded as having such an impairment**
> For purposes of paragraph (1)(C):
> **(A)** An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
> **(B)** Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

6

42 U.S.C. § 12102(3). The definition of "disability" must be "construed in favor of broad coverage of individuals." 42 U.S.C. §12102(4)(A).[1]

As the Court of Appeals for the Sixth Circuit has noted:

> In passing the 2008 Amendments [to the ADA], Congress liberalized the standard, redefining "regarded as having an impairment" only to require that a defendant took a prohibited action based on a perceived impairment, regardless of whether the employer thought the impairment was substantially limiting. 42 U.S.C. §12102(3)(A). We note, however, that it is not enough that the employer is simply aware of a plaintiff's symptoms; rather the plaintiff must show that the employer regarded the individual as "impaired" within the meaning of the ADA.

*Neely v. Benchmark Family Serv.*, 640 Fed. Appx 429, 435–436 (6th Cir. 2016).

The Defendant in this case contends that Plaintiff's "regarded as" claim fails because the impairment Chipotle thought Hoover had was "transitory and minor," meaning it has an "actual or expected duration of 6 months or less." (Doc. 58 at PageID 1378 (citing *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245 (3d Cir. 2014) (dismissing a plaintiff's "regarded as" claim based on a broken finger)). According to the Federal Regulations on this issue:

> To establish this defense, a covered entity must demonstrate that the impairment is both "transitory" and "minor." Whether the impairment at issue is or would be "transitory and minor" is to be determined objectively. A covered entity may not defeat "regarded as" coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor; rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor. For purposes of this section, "transitory" is defined as lasting or expected to last six months or less.

29 C.F.R. § 1630.15(f).

---

[1] Because Plaintiff's disability claims arise under the ADA and the parallel Ohio Civil Rights Act, Ohio Rev. Code § 4112.02 *et seq.*, they are properly analyzed together. *Neely v. Benchmark Family Serv.*, 640 Fed. Appx. 429 (6th Cir. 2016).

In this case, Plaintiff was formally diagnosed with "adjustment disorder with mixed anxiety and depressed mood." (UC Medical Records, Doc. 37-11 at PageID 859.) The Defendant offered evidence that "adjustment disorders usually last less than 3 to 6 months" and that Plaintiff discontinued counseling sessions on July 16, 2015, approximately four months after the incident. (UC After Visit Summary, Doc. 37-12 at PageID 906); Doc. 35-2 at ¶ 79 and Doc. 50-1 at ¶ 79.) While that evidence is probative of the potentially "transitory" nature of Plaintiff's perceived impairment, it does not establish the perceived impairment as "minor."

To the contrary, there is evidence that Molly Johnson treated Plaintiff differently after the incident, failed to return text messages about working on his KMIT book, and called him "mentally unstable." (Hoover depo., Doc. 37-6 at PageID 777.) Matthew Kimball, Plaintiff's general manager, allegedly indicated he was firing Plaintiff "before you go into, like, another mental breakdown like you had before." (Hoover depo., Doc. 37-6 at PageID 781.)

Amber Davis, a former Chipotle co-worker, testified that she believed Plaintiff had a "mental illness of some sort" and that "everybody else believed that also." (Davis depo., Doc. 42 at PageID 1096.) She indicated that "they [Chipotle supervisors] absolutely loved [Plaintiff] before," but "once he had his incident and he started to suffer from the mental health condition, they totally, like, flipped around on him." (*Id.* at PageID 1085.) Davis further believed Plaintiff was fired for having a mental illness and having a breakdown. (*Id.* at PageID 1088.)

The Court concludes that this contradictory evidence creates genuine issues of fact concerning whether Plaintiff was "regarded as disabled" and whether the disability Plaintiff was regarded as having was "transitory and minor." Therefore, summary judgment on Plaintiff's "regarded as" claims in Counts I and II of Plaintiff's Second Amended Complaint must be denied.

### B. Counts III, IV and VII

The Magistrate Judge in this case correctly concluded that Plaintiff has offered sufficient evidence to create a genuine issue of material fact on Plaintiff's retaliation claims under state and federal disability discrimination laws and as a matter of public policy. (Doc. 56 at PageID 1352–56 and 1363–66.) Neither party objected to the Magistrate Judge's Report and Recommendation on these claims. Accordingly, the Report and Recommendation is adopted on these claims, and summary judgment is denied on Counts III, IV and VII.

### C. Counts V and VI

The Magistrate Judge correctly concluded that Defendant is entitled to summary judgment on Plaintiff's FMLA and gender discrimination claims. (Doc. 56 at PageID 1356–63.) Neither party objected to the Magistrate Judge's Report and Recommendation on these claims. Accordingly, the Report and Recommendation is adopted on these claims, and summary judgment is granted on Counts V and VI.

### IV. CONCLUSION

Accordingly, the Defendant's Motion for Summary Judgment (doc. 37) is hereby **GRANTED** as to Plaintiff's FMLA claim (Count V) and gender discrimination claim (Count VI). However, Defendant's Motion is **DENIED** as to Plaintiff's "regarded as" disability claims under the ADA and Ohio law (Counts I and II) and Plaintiff's retaliation and public policy claims (Counts III, IV and VII).

**IT IS SO ORDERED**.

Dated: 6/21/18        S/Susan J. Dlott_____
                     Judge Susan J. Dlott
                     United States District Court